UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PJW INVESTMENT ASSOCIATES LLC,

        Plaintiff,

  v.

CUSTOPHARM, INC.,

        Defendant.

3:10-CV-01043 (CSH)

October 4, 2013

**ORDER**

**HAIGHT, Senior District Judge:**

**I.     INTRODUCTION**

Plaintiff PJW Investment Associates LLC (hereinafter "Plaintiff") has brought this Complaint against Defendant Custopharm, Inc. (hereinafter "Defendant") for breach of contract and declaration of disassociation under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship "pursuant to 28 U.S.C. § 1332 as a result of diversity citizenship between the parties and sufficient amount in controversy." [Doc. 1] at 1.  As stated in 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

1

exclusive of interest and costs, and is between – (1) citizens of different States").[1] As set forth below, however, Plaintiff has failed to allege sufficient facts to establish that such diversity of citizenship exists. The Court therefore mandates confirmation of the citizenship of both Plaintiff and Defendant prior to its ruling on the four motions pending in this matter. *See* [Doc. 30], [Doc. 34], [Doc. 60] and [Doc. 66].

## II.  SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject

---

[1] The element of jurisdictional amount is satisfied as Plaintiff seeks damages well in excess pf $75,000. *See* [Doc. 1] at 2, 7.

matter jurisdiction *sua sponte* at any time)).  It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."  *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is July 2, 2010.  *See* [Doc. 1].

Plaintiff's statements concerning both its own citizenship and Defendant's citizenship fall short of demonstrating the Court's subject matter jurisdiction for the following reasons.

Plaintiff states that it "is a Connecticut *limited liability corporation* having a place of business at 1764 Litchfield Turnpike, Woodbridge, CT 06525," and concludes that it "is a citizen of Connecticut."  *Id.* at 1-2 (emphasis added).  These statements and conclusory remarks, however, are insufficient to adequately demonstrated Plaintiff's citizenship.  Assuming from Plaintiff's name – which includes "LLC" – that Plaintiff is a *limited liability company,* and not a corporation of any sort, its "citizenship for diversity purposes ... [would be] the citizenship of *each of its members*" at the time the Complaint was filed with this Court – i.e., July 2, 2010.  *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006).  This is because the "citizenship of a limited liability company is not the state in which it is

organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction). *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

If Plaintiff is fact a corporation and not an LLC, Plaintiff has still not satisfied the requirements under 28 U.S.C. § 1332(c)(1), pursuant to which "a corporation shall be deemed to be a citizen of *any State by which it has been incorporated* and of *the State where it has its principal place of business*." (emphasis added). This is because Plaintiff has failed to specify whether, on July 2, 2010, it was *incorporated* in Connecticut, or whether Connecticut was its *sole* state of incorporation. Further, while Plaintiff avers that it has *a* place of business at a Connecticut address, Plaintiff has failed to specify whether this Connecticut address is or was its *principal* place of business at the time at which this action commenced.

Plaintiff also states, upon opinion and belief, that Defendant "is a Texas corporation having a place of business at 1902 Wright Place, Suite 200, Carlsbad, CA 92008," and thus concludes that Defendant "is a citizen of the state of Texas." [Doc. 1] at 1-2. However, for reasons discussed *supra*, if Defendant is indeed a corporation Plaintiff has not provided the information required to determine Defendant's citizenship pursuant to 28 U.S.C. § 1332(c)(1). In order to do so, Plaintiff must state whether, on July 2, 2010, Defendant was *incorporated* in Texas, whether Texas was Defendant's *sole* state of incorporation, and, as well, whether the address provided was Defendant's *principal* place

4

of business.  *See* 28 U.S.C. § 1332(c)(1).

**III.    CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both its own citizenship and Defendant's citizenship(s) for diversity purposes as of the date this action was commenced, i.e., July 2, 2010.

Plaintiff shall file and serve such affidavit regarding citizenship on or before **Friday, October 25, 2013**.  All case deadlines shall be stayed pending the Court's review of this affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed and the Court shall rule upon the four motions which are currently pending before it.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

It is SO ORDERED.


Dated: New Haven, Connecticut
            October 4, 2013



                                                                                            */s/Charles S. Haight, Jr.*
                                                                                            Charles S. Haight, Jr.
                                                                                            Senior United States District Judge