UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PJW INVESTMENT ASSOCIATES LLC,

       Plaintiff,

v.

CUSTOPHARM, INC.,

       Defendant.

3:10-CV-01043 (CSH)

**ORDER**

**HAIGHT, Senior District Judge:**

**I.**    **INTRODUCTION**

Plaintiff PJW Investment Associates LLC (hereinafter "Plaintiff") has brought this Complaint against Defendant Custopharm, Inc. (hereinafter "Defendant") for breach of contract and declaration of disassociation under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Plaintiff has asserted that this Court has subject matter jurisdiction based on diversity of citizenship "pursuant to 28 U.S.C. § 1332 as a result of diversity citizenship between the parties and sufficient amount in controversy." [Doc. 1] at 1. As stated in 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

1

exclusive of interest and costs, and is between – (1) citizens of different States").[1]

On October 4, 2013, this Court issued an Order, [Doc. 79], noting that Plaintiff has failed to allege sufficient facts to establish that such diversity of citizenship exists and stating that the Court must receive confirmation of the citizenship of both Plaintiff and Defendant prior to its ruling on the four motions pending in this matter. *See* [Doc. 30], [Doc. 34], [Doc. 60] and [Doc. 66].

## II.     SUBJECT MATTER JURISDICTION

As the Court detailed in its October 4, 2013 Order, in general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Plaintiff and Defendant have made several filings in response to the Court's October 4, 2013 Order, including two affidavits, one signed by Vincent Asaro, a Class A member of PJW Investment Associates, LLC who avers that he "keep[s] track of PJW's finances and send[s] out periodic progress updates to the members of PJW," *see* [Doc. 82-1] at 1, and one signed by David McCleary, who avers that he has been "a member of [P]laintiff PJW since prior to the date this action commenced," and who is also the President and Co-Owner of Custopharm, Inc., *see* [Doc. 85]. These affidavits and accompanying filings, however, are insufficient for a determination of whether diversity of citizenship exists between Plaintiff and Defendant in this action.

---

[1] The element of jurisdictional amount is satisfied as Plaintiff seeks damages well in excess pf $75,000. *See* [Doc. 1] at 2, 7.

As the Court detailed in its October 4, 2013 Order, in order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is July 2, 2010. *See* [Doc. 1].

With respect to Plaintiff's citizenship: Plaintiff is a limited liability company, is a citizen of any state of which any of its members are citizens, *see, e.g.,Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011). In the Declaration of Vincent Asaro, Vincent Asaro avers that Plaintiff "does not know whether" one of its members, David McCleary, "*resided* in Texas on the date this action commenced (July 2, 2010)." *See* [82-1] at 3 (emphasis added). Vincent Asaro states that to the best of his knowledge, all of Plaintiff's other members were citizens of the State of Connecticut at the time this lawsuit was filed, i.e., July 2, 2010, and Asaro also notes that, based on the records Plaintiff kept, David McCleary had a Connecticut mailing address as of July 2, 2010. [Doc. 82-1] at 3. Asaro therefore concludes by stating that "PJW thus suggests that the Court get a declaration from Defendant on the issue of where Mr. McCleary was a citizen as of July 2, 2010." *Id.* at 4.

David McCleary submitted such a declaration a week and a half later, averring that "[a]t the

time this suit was filed, [he] was a *resident* of the State of Texas," and that he "was a *resident* of the [S]tate of Texas from June of 2009 through June of 2013." [Doc. 85] at 1 and 1 n.1 (emphasis added). This declaration, however, is insufficient to determine David McCleary's *citizenship* as of July 2, 2010. This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, and not his or her *residence. See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "In general, the domicile of an individual is his true, fixed permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum,* 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum,* 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent or solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.* Given that "one can reside in one place but be domiciled in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1990). Thus for the reasons explained *supra*, a Court may not and cannot simply infer the former from the latter. *See, e.g., Realty Holding Co. V. Donaldson*, 268 U.S. 398, 399 (1925).

Until the citizenship of David McCleary on July 2, 2010 is determined, the nature and entirety of Plaintiff's citizenship(s) may not be clear. If David McCleary was a citizen of Texas on July 2, 2010, then, given that he was at that time a member of Plaintiff, for diversity purposes Plaintiff would be considered to be a citizen of *both* Connecticut and Texas at the time this action

4

was commenced. If, on the other hand, David McCleary were a citizen of the State of Connecticut on July 2, 2010, for diversity purposes the limited liability company Plaintiff would be considered to be solely a citizen of Connecticut at the time this action was commenced. Accordingly, David McCleary's citizenship on July 2, 2010 must be clarified in order to determine the citizenship(s) of Plaintiff on this date.

With respect to Defendant's citizenship: as Defendant is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), Defendant "shall be deemed to be a citizen of *any State by which it has been incorporated* and of *the State where it has its principal place of business*." (emphasis added). David McCleary has averred that "Defendant Custopharm, Inc.[] is, and at the time this action commenced was, a corporation organized and existing under the laws of the State of Texas. Furthermore, at the time this action commenced, [Defendant] had a place of business in Texas as well." [Doc. 85] at 1. This assertion is insufficient to fully determine Defendant's citizenship(s) on July 2, 2010, as it does not specify whether Texas was the *only* state in which Defendant was incorporated on July 2, 2010 or, for that matter, whether the State of Texas was, on July 2, 2010, the state in which Defendant had its *principal* place of business.

III.   **CONCLUSION**

Accordingly, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Defendant to establish, by affidavit, both where David McCleary was *domiciled* at the time this action was commenced – i.e., July 2, 2010 – along with *all* the states in which Defendant was incorporated on such date and the state in which Defendant had its *principal* place of business on such date.

Defendant shall file and serve such affidavit regarding citizenship on or before **Tuesday,**

**November 26, 2013**. All case deadlines shall remain stayed pending the Court's review of this affidavit. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed and the Court shall rule upon the four motions which are currently pending before it. Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

    It is SO ORDERED.


Dated: New Haven, Connecticut
       November 12, 2013


                                       */s/Charles S. Haight, Jr.*
                                       Charles S. Haight, Jr.
                                       Senior United States District Judge