UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PJW INVESTMENT ASSOCIATES LLC,

        Plaintiff,

  v.

CUSTOPHARM, INC.,                 3:10-CV-01043 (CSH)

        Defendant.

**ORDER**

**HAIGHT, Senior District Judge:**

**I.    INTRODUCTION**

      Plaintiff PJW Investment Associates LLC (hereinafter "Plaintiff") has brought this Complaint against Defendant Custopharm, Inc. (hereinafter "Defendant") for breach of contract and declaration of disassociation under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

      Plaintiff asserts in the Complaint, [Doc. 1], that this Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1332 as a result of diversity [of] citizenship between the parties and sufficient amount in controversy." [Doc. 1] at 1. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different

1

States").[1]  *Nota bene*, while Plaintiff also brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, this "statute does not confer jurisdiction on a district court." *Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998).  Consequently, in order "[t]o obtain relief under the [Declaratory Judgment Act], a plaintiff must show that the underlying case falls within the subject matter jurisdiction of the district court." *Sikorsky Aircraft Corp. v. Lloyds TSB General Leasing (No. 20) Ltd.*, 774 F.Supp. 2d 431, 437 (D.Conn. 2011).  In the case at bar, as the only other claim is for breach of contract, such a showing must entail a successful demonstration of diversity between the parties.  This is "[b]ecause the operation of the Declaratory Judgment Act is procedural only," and accordingly "the requirements of jurisdiction – the limited subject matter which alone Congress had authorized the District Courts to adjudicate – were not impliedly repealed or modified by the statute."  *Id.* (internal quotation marks and citations omitted).

On October 4, 2013, this Court issued an Order, [Doc. 79], noting that Plaintiff has failed in the Complaint to allege sufficient facts to establish that such diversity of citizenship exists.  The Court stated that it must receive confirmation of the citizenship of both Plaintiff and Defendant prior to its ruling on the four motions that were pending in this matter.  *See* [Doc. 30], [Doc. 34], [Doc. 60] and [Doc. 66].  The Court issued a subsequent Order on November 12, 2013, [Doc. 87], stating that the submissions made by each party in response to the Court's October 4, 2013 Order were insufficient to establish the citizenship of any party, and, therefore, insufficient to establish that subject matter jurisdiction was present in this matter.  In order to determine whether it had subject matter jurisdiction, the Court ordered Defendant to establish, by affidavit, where David McCleary

---

[1]  The element of jurisdictional amount is satisfied as Plaintiff seeks damages well in excess pf $75,000.  *See* [Doc. 1] at 2, 7.

2

– a member of Plaintiff PJW Investment Associates LLC – was domiciled at the time this action was commenced (i.e., July 2, 2010), along with all the states in which Defendant, a corporation, was incorporated on such date and the state in which Defendant had its principal place of business on such date. *See* [Doc. 87] at 5. Defendant filed this affidavit on November 25, 2013, [Doc. 88], captioned the Supplemental Declaration of David McCleary. In light of the declarations made therein, the Court now determines that it lacks subject matter jurisdiction and, accordingly, the Court DISMISSES the matter WITHOUT PREJUDICE to the merits of the case.

II.     **SUBJECT MATTER JURISDICTION**

As the Court detailed in its October 4, 2013 Order and reiterated in its November 12, 2013 Order, in general if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

A federal court must therefore determine with certainty whether it has subject matter jurisdiction over a case pending before it and, if necessary, a court has an obligation to consider its subject matter jurisdiction *sua sponte*, as the Court has done here. *See, e.g., Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, *at any stage of the proceedings*, may raise the question of whether the court has subject matter jurisdiction; and, if it

does not, *dismissal is mandatory*." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), as Plaintiff has averred is the case in this action, a plaintiff's citizenship must be diverse from the citizenship of all defendants. "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is July 2, 2010. *See* [Doc. 1].

Plaintiff, a limited liability company, is for diversity purposes considered to be a citizen of any state of which any of its members are citizens. *See, e.g., Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011). In the Declaration of Vincent Asaro filed on behalf of Plaintiff in response to the Court's October 4, 2013 Order, [Doc. 82-1],Vincent Asaro stated that to the best of his knowledge, all of Plaintiff's members other than David McCleary were citizens of the State of Connecticut at the time this lawsuit was filed. *See* [Doc. 82-1] at 3. For purposes of diversity within this case, therefore, Plaintiff is a citizen of Connecticut *as well as* a citizen of the state of which David McCleary was a citizen on July 2, 2010.

In order to determine the latter prong of Plaintiff's citizenship, the Court now turns to the question of where Mr. McCleary was domiciled on July 2, 2010. This is because an individual's

citizenship for diversity purposes is determined by his or her *domicile*, and not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "In general, the *domicile* of an individual is his true, fixed permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum,* 461 U.S. 321, 331 (1983) (emphasis added); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom," *Martinez v. Bynum,* 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent or solely for a period of time, and the test for an individual's residency is significantly less stringent than the "more rigorous domicile test." *Id.* Given that "one can reside in one place but be domiciled in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1990). Thus for the reasons explained *supra*, a Court may not and cannot simply infer the former from the latter. *See, e.g., Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).

      In Mr. McCleary's November 25, 2013 Supplemental Declaration, [Doc. 88], Mr. McCleary averred that he "moved to the State of Texas in June 2009 prior to the commencement of this action, and lived there until June of 2013," that "[d]uring the time period June 2009 through June 2013" – which encompasses the date on which this action was commenced – "[he] considered Texas to be both [his] home and [his] permanent residence[, ...] purchased a home in Texas and lived there on a full-time basis." [Doc. 88] at 1. "As of July 2010, and indeed prior to that time," Mr. McCleary averred that he "intended to remain a domiciliary of Texas inasmuch as [he] did not have any expectation of leaving," and, indeed, "obtained a Texas driver['s] license, and registered to vote in

5

the State of Texas prior to the commencement of this action." *Id.* at 1-2. Mr. McCleary further averred that "[w]henever [he] traveled during" this period of time, he "returned to [his] home in Texas," and "did not maintain a home or second residence in any other state" during the time in which he lived in Texas. *Id.* at 2.

The Court is satisfied by the statements contained within Mr. McCleary's Supplemental Declaration that at the pertinent time – i.e., July 2, 2010 – Mr. McCleary's place of domicile was Texas, and not Connecticut. Consequently on July 2, 2010, Plaintiff was a citizen of *both* Connecticut and Texas.

Given that in order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action, should Defendant be found to have been a citizen of either Connecticut or Texas on July 2, 2010, diversity between the parties would not be complete and this Court would not possess subject matter jurisdiction. *See*, *e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d at 80. The Court accordingly turns to the question of Defendant's citizenship on the pertinent date.

As Defendant Custopharm, Inc. is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), Defendant "shall be deemed to be a citizen of *any State by which it has been incorporated and of the State where it has its principal place of business*." (emphasis added). David McCleary has averred in his Supplemental Declaration, [Doc. 88], that Defendant "is, and at the time this action commenced was, a corporation organized and existing under the laws of the State of Texas," and that while on July 2, 2010 Defendant "was not incorporated in any state other than Texas, ... at the time this action commenced ... California was [Defendant's] principal place of business." [Doc. 88] at 2. Accordingly, on July 2, 2010 Defendant was a citizen of both Texas and California.

6

Given that both Plaintiff and Defendant were, for purposes of diversity, citizens of the State of Texas on the date this action was commenced, complete diversity between the parties does not exist and under 28 U.S.C. § 1332 this Court does not possess subject matter jurisdiction.  The law in such circumstances is clear:  "Where jurisdiction is lacking, ... dismissal is mandatory," *Lovejoy v. Watson*, 475 F.App'x at 792 (internal quotation marks and citation omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Court has made just such a determination, and consequently the Court is bound to DISMISS this action WITHOUT PREJUDICE to the merits of the case.

### III.     CONCLUSION

This action is DISMISSED WITHOUT PREJUDICE to the merits of the case.  The Clerk is directed to close the file.

It is SO ORDERED.


Dated: New Haven, Connecticut
         December 2, 2013


                                                              */s/Charles S. Haight, Jr.*
                                                              Charles S. Haight, Jr.
                                                              Senior United States District Judge